IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | CIVIL NO. 11-00036 ACK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFERSON J. SCOTT AND KEVIN A. SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF, DENYING DEFENDANTS' REQUEST FOR A STAY, AND DISMISSING DEFENDANTS' COUNTERCLAIM AS MOOT

### PROCEDURAL BACKGROUND

On January 19, 2011, Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate") filed a declaratory judgment action against Jefferson J. Scott and Kevin A. Scott ("Defendants" or the "Scotts"). Doc. No. 1. Allstate seeks a declaration that Jefferson Scott's homeowner policy does not require Allstate to defend the Scotts in a state civil action. Compl. ¶ 19. On February 2, 2011, Defendants filed an answer and a counterclaim seeking a declaration that Allstate has a duty to defend and a duty to indemnify them. Doc. No. 7.

On December 7, 2011, Allstate filed a motion for summary judgment, which was accompanied by a supporting memorandum ("Pl.'s Mot. Mem.") and a concise statement of facts ("Pl.'s CSF"). Doc. Nos. 16 & 17. On March 12, 2012, Defendants filed an opposition ("Defs.' Opp'n") and a response to Allstate's CSF ("Defs.' CSF"). Doc. Nos. 20 & 21. On March 16, 2012,

Allstate filed a reply.  Doc. No. 25.

The Court held a hearing on April 2, 2012.

**FACTUAL BACKGROUND**[1]

## I.    The Underlying Action

On September 10, 2010, Leif and Kerry Martin, Jefferson's neighbors, filed a complaint in state court (the "underlying complaint") against Jefferson and Kevin Scott.  Pl.'s CSF ¶ 1.  In the underlying complaint, the Martins assert that Jefferson Scott punched Leif Martin in the face; Leif fell to the ground and lost consciousness; Jefferson kicked Leif in the upper body while he was unconscious; Kerry Martin helped a disoriented Leif to his feet; and that Kevin pulled a handgun from his waistband, threatened Leif, and then hit him in the face with the handgun.  See Defs.'s Opp'n Ex. 2 ("Underlying Compl."), ¶ 9. The Martins assert a cause of action for assault and battery, a cause of action for negligence, a cause of action asserting the Scotts were "negligently engaged in the use of physical force upon [Leif] amounting to tortuous activity causing harm to [the Martins]"; and a cause of action asserting that the Scotts were jointly engaged in tortuous activity.  Id. at 1-6.  All counts are based on the same aforementioned actions of Jefferson and Kevin.

Both Jefferson and Kevin were convicted in state court

---

[1]The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

of assault and terroristic threatening as a result of the incident.  Specifically, on April 13, 2010, a jury convicted Jefferson of Assault in the Third Degree; Terroristic Threatening in the Second Degree; and a separate offense of Assault in the Third Degree.  Pl.'s CSF Ex. A.  On July 7, 2010, a jury convicted Kevin of Assault in the Second Degree; Terroristic Threatening in the Second Degree; and Terroristic Threatening in the First Degree.  Pl.'s CSF Ex. B.

## II.  The Insurance Policy

At the time of the underlying claims, Jefferson was insured under an Allstate Deluxe Homeowners' Policy, applicable to his residence located in Kailua-Kona (the "Policy").  The Policy provides the following coverage:

> Section II Family Liability and Guest Medical Protection
>
> Coverage X Family Medical Protection
>
> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies and covered by this part of the policy.

Pl.'s Mot. Ex. 1, Form AP-2, at 2-3.  "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage."  Id. at 19.

The liability coverage provided in Coverage X was subject to

3

the following exclusion:

> Losses We Do Not Cover Under Coverage X
>
> 1.   We do not cover any bodily injury or
> property damage intended by, or which may
> reasonably be  expected to result from the
> intentional or criminal acts or omissions of,
> any insured person. . . .

Id.

Allstate seeks a declaration that it has no duty to defend Jefferson or Kevin in the underlying action pursuant to the Policy.

**STANDARD**

**I.   Summary Judgment Standard**

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).  Summary judgment is therefore appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so in either of two ways: by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or by "showing that the materials cited do not establish the absence or presence of a

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).[2/] Conversely, where the evidence could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Miller v. Glenn Miller Prods., 454 F.3d 975, 987 (9th Cir. 2006). The moving party may do so with affirmative evidence or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.[3/] Once the

---

[2/]Disputes as to immaterial facts do "not preclude summary judgment." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986).

[3/]When the moving party would bear the burden of proof at trial, that party must satisfy its burden with respect to the

5

moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S. at 324; Matsushita Elec., 475 U.S. at 586; Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).[4/] The nonmoving party must instead set forth "significant probative evidence" in support of its position.  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l, 391 U.S. at 290).  Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when

_____

motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were to go uncontroverted at trial.  See Miller, 454 F.3d at 987 (quoting C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).  When the nonmoving party would bear the burden of proof at trial, the party moving for summary judgment may satisfy its burden with respect to the motion for summary judgment by pointing out to the court an absence of evidence from the nonmoving party. See id. (citing Celotex, 477 U.S. at 325).

   [4/]Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Johnson v. Wash. Metro. Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir. 1989) ("The removal of a factual question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."), cited in Villiarimo, 281 F.3d at 1061.

that party will ultimately bear the burden of proof at trial. See Celotex, 477 U.S. at 322.

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. See T.W. Elec. Serv., 809 F.2d at 630-31.[5/] Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied. Anderson, 477 U.S. at 250-51.

## II.  An Insurer's Duty to Defend

Hawaii law provides for a broad duty to defend whenever the pleadings raise a potential for indemnification liability of the insurer to the insured. Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004); First Ins. Co. of Hawaii, Inc. v. Hawaii, 665 P.2d 648, 653 (Haw. 1983). "The duty to defend exists irrespective of whether the insurer is ultimately found not liable to the insured and is based on the possibility for coverage, even if remote, determined at the time suit is filed." Burlington Ins. Co., 383 F.3d at 944; see also First Ins. Co., 665 P.2d at 653. "'Furthermore, where a suit raises a potential for indemnification liability of the insurer to the insured, the insurer has a duty to accept the defense of the entire suit even though other claims of the complaint fall outside the policy's coverage.'" Burlington Ins.

---

[5/]At the summary judgment stage, the court may not make credibility assessments or weigh conflicting evidence.  See Anderson, 477 U.S. at 249; Bator v. Hawaii, 39 F.3d 1021, 1026 (9th Cir. 1994).

Co., 383 F.3d at 944 (quoting Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co., 872 P.2d 230, 233 (Haw. 1994)).

Hawaii adheres to the "complaint allegation rule." Burlington Ins. Co., 383 F.3d at 944. Therefore, the duty to defend is limited to situations where the underlying pleadings have alleged a claim for relief which falls within the terms for coverage of the insurance contract. See id. "'Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend.'" Id. (quoting Hawaiian Holiday, 872 P.2d at 233). Yet, "where the complaint in the underlying lawsuit alleges facts within coverage," an insurer that wishes to avoid providing a defense has a high burden. Dairy Rd. Partners v. Island Ins. Co., 992 P.2d 93, 117 (Haw. 2000). The insurer may rely on extrinsic facts to deny a defense, but only "by showing that none of the facts upon which it relies might be resolved differently in the underlying lawsuit." Id.; see also Allan D. Windt, 1 Insurance Claims & Disputes: Representation of Insurance Companies & Insureds § 4:4 (5th ed. 2011) (stating that "[i]nsurers, as a general rule, are not allowed to refuse to defend on the grounds that they are in possession of information establishing that the allegations in the complaint giving rise to coverage are untrue" and noting four common exceptions to that rule).

To obtain summary judgment that it has no duty to defend, an insurer has the burden of proving that there is "no genuine issue of material fact with respect to whether a

8

possibility exist[s]" that the insured will incur liability for a claim covered by the policy. <u>Dairy Road</u>, 992 P.2d at 107. In other words, Allstate must prove that it would be <u>impossible</u> for the Martins in the underlying suit to prevail against the Scotts on a claim covered by the policy. <u>See</u> <u>id.</u> at 107-08.

An insurer's duty to defend is contractual in nature and a court must examine the terms of the policy to determine the scope of the duty. <u>Commerce & Indus. Ins. Co. v. Bank of Hawaii</u>, 832 P.2d 733, 735 (Haw. 1992). Insurance policies are "subject to the general rules of contract construction." <u>Dairy Road</u>, 992 P.2d at 106. Yet insurance contracts are contracts of adhesion, so they "must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer." <u>Dairy Road</u>, 992 P.2d at 106-07. "Put another way, the rule is that policies are to be construed in accord with the reasonable expectations of a layperson." <u>Id.</u> at 107.

### DISCUSSION

Allstate requests this Court determine as a matter of law that it has no duty to defend Defendants. Defendant Kevin Scott does not oppose this motion as against himself. Accordingly, the Court GRANTS Allstate's Motion for Summary Judgment as against Kevin.

Defendant Jefferson Scott opposes the motion as against himself. Defendants request, alternatively, that this Court stay these proceedings until the underlying state court action is

resolved.[6/]  A stay, however, is not warranted in this situation
and Allstate is entitled to summary judgment as against
Jefferson.

**I.    Stay**

Defendants request that the court stay this case until
the underlying action is finally resolved to avoid the risk of
contradictory judgments.  Defs.' Opp'n 2-3.  Defendants cite no
authority supporting their position and make no further argument
regarding this request.  As the Court will explain, there is not
a risk of inconsistent judgments as Allstate is not a party in
the underlying action.  The Court will nonetheless consider
Defendants' request pursuant to the factors set forth by the
Supreme Court and Ninth Circuit.  On balance, these factors do
not support a stay.

**A.    Legal Framework**

The Declaratory Judgment Act provides, in relevant
part, that "[i]n a case of actual controversy within its
jurisdiction . . . any court of the United States, upon the
filing of an appropriate pleading, <u>may</u> declare the rights and
other legal relations of any interested party seeking such
declaration, whether or not further relief is or could be
sought."  28 U.S.C. § 2201(a) (emphasis added).  District courts
have discretion in whether to exercise jurisdiction under the

---

[6/]At the hearing, Defendants' counsel stated that an
arbitration is scheduled for the underlying action in three
weeks.

Declaratory Judgment Act. See Wilton v. Seven Falls Co., 515
U.S. 277, 289 (1995); Brillhart v. Excess Ins. Co. of Am., 316
U.S. 491, 494-95, (1942). In Government Employees Insurance Co.
v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc), the Ninth
Circuit Court of Appeals set forth guidelines for applying such
discretion. The Ninth Circuit instructed that a district court
should consider the following three criteria set forth in
Brillhart v. Excess Insurance Co. of America, 316 U.S. 491
(1942): (1) district courts should not needlessly determine
issues of state law; (2) district courts should discourage
litigants from forum shopping; and (3) district courts should
avoid duplicative litigation. Dizol, 133 F.3d at 1225. In
addition to these three considerations, a district court may also
weigh "other considerations," such as:

> whether the declaratory action will settle
> all aspects of the controversy; whether the
> declaratory action will serve a useful
> purpose in clarifying the legal relations at
> issue; whether the declaratory action is
> being sought merely for the purposes of
> procedural fencing or to obtain a "res
> judicata" advantage; or whether the use of a
> declaratory action will result in
> entanglement between the federal and state
> court systems. In addition, the district
> court might also consider the convenience of
> the parties, and the availability and
> relative convenience of other remedies.

Id. at 1225 n. 5 (internal quotations omitted).

The Ninth Circuit further counseled that "[t]he
pendency of a state court action does not, of itself, require a
district court to refuse federal declaratory relief." Id. at

11

1225. "Nonetheless, federal courts should generally decline to entertain reactive declaratory actions." Id. The Court further clarified that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (internal quotations omitted).

In reviewing the application of the Brillhart doctrine, the Ninth Circuit allows district courts "broad discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism." R.R. St. & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (internal quotations omitted).

B. **Application**

1. **Needlessly Determining Issues of State Law**

This case involves an insurer's obligations to an insured under an insurance policy, which is purely a question of state law. See Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), overruled in part on other grounds by Dizol, 133 F.3d at 1227, ("[T]his case involves insurance law, an area that Congress has expressly left to the states."). On numerous occasions, however, the United States District Court in the District of Hawaii has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an

insurer's duties to an insured.  Additionally, there are no unsettled issues of state law that this Court must decide.

This factor is also concerned with a court needlessly determining state law issues because "the precise" issues "are the subject of a parallel proceeding in state court."  Id. Allstate is not a party to the state court action; consequently, there are not parallel proceedings in state court, as will be discussed in more detail under the duplicative litigation factor. Thus, this concern is not implicated here, favoring the denial of a stay.

The Court finds this factor weighs against a stay.

### 2.   Forum Shopping

A party is typically understood to have engaged in improper forum shopping when it files "reactive litigation."  The "archetype" of reactive litigation is when an insurer files a declaratory judgment suit in federal court while a non-removable state court action presenting the same issues is pending merely to obtain a tactical advantage from litigating in a federal forum.  See R.R. St. & Co., 656 F.3d at 976.

Allstate was never named as a party to the State Court Action.  Moreover, any attempt by Allstate to intervene in the State Court Action would likely be barred.  Hawaii law disfavors the joinder of an insurer in a third-party tort action absent some contractual or statutory provision.  See Olokele Sugar Co. v. McCabe, Hamilton & Renny Co., 487 P.2d 769 (1971).  Therefore, Allstate's only recourse, if jurisdiction in this Court is

13

denied, would be to file a similar claim for declaratory relief in a separate state court action.

Declining jurisdiction under these circumstances would deprive Allstate of its choice to litigate this matter in federal court, and undermine the federal interest in providing a neutral forum free from an appearance of favoritism against an out-of-state party.

The Court finds this factor weighs in favor of continuing with the case.

### 3. Duplicative Litigation

The policy of avoiding duplicative litigation does not weigh in favor of declining to move forward with this action. The underlying state court suit does not involve the same parties or issues; Allstate is not a party and the state court has no reason to decide whether Allstate has a duty to defend Defendants. Moreover, this Court's determination regarding Allstate's duty to defend does not hinge on a finding that will also be addressed in the state court because as subsequently discussed. In determining whether Allstate has a duty to defend, this Court only relies on the allegations in the underlying state court complaint and extrinsic evidence of facts that could not be resolved differently in the state court. Thus, although similar facts and issues might be addressed, no duplicative litigation need transpire for this Court to complete its analysis.

The Court thus finds this factor weighs against a stay.

### 4. Other Considerations

Although this case will not settle the underlying dispute in the state court action, it will clarify the legal obligations between the parties.  See Harris v. United States Fid. & Guar. Co., 569 F.2d 850, 852 (5th Cir. 1978) (stating that a declaratory judgment need not resolve all the issues or the entire controversy, "[t]he controversy settled by the declaratory judgment need only be an autonomous dispute").  A clarification of whether Allstate has a duty to defend the Scotts will inform Allstate in a timely manner as to its obligations and will inform all parties of their ultimate burdens, which could assist settlement negotiations.

There is no further evidence that Allstate brought this action to try and gain a "res judicata" advantage or for procedural fencing; Allstate could have brought the same request in state court.  There is no significant threat that determination of Allstate's duties will result in entanglement between the federal and state court systems.

Consequently, all of the foregoing factors weigh against a stay and the Court DENIES Defendants' request.

## II.  Allstate's Duty to Defend

### A.  The Parties' Arguments

Allstate asserts that the conduct alleged in the underlying suit relating to intentional assault and terroristic threatening does not constitute an accident and thus is not an occurrence under the Policy and within the Policy's intentional acts exclusion.  Pl.'s Mot. Mem. 10.  Allstate asserts that

although the underlying complaint contains a claim for negligence, the claim is based on the same non-accidental conduct and not on separate negligent acts, and thus it does not provide a basis for coverage. <u>Id.</u> at 15. Allstate further contends that Jefferson's conduct is criminal, and thus falls within the exclusion for injuries that result from criminal acts. <u>Id.</u> at 16-17.

Jefferson argues that the underlying complaint states a separate negligence claim and that the plain language of the underlying complaint – "namely that Jefferson negligently understood the actions by the Plaintiffs in the Underlying Action as a threat to himself or his property and based on this understanding defended himself, others, and his property" – establishes a basis by which the jury could find him guilty of negligence. Defs.' Opp'n 8. Jefferson contends that therefore these allegations establish the possibility of an occurrence and thus a covered claim. <u>Id.</u> at 9. Jefferson asserts that the court considering the criminal matter did not decide whether Jefferson committed any negligent acts and thus his conduct is not within the criminal acts exclusion. <u>Id.</u> at 12.

The Court disagrees with Jefferson; the fact the Martins brought a negligence claim does not, of itself, render Jefferson's conduct within the Policy. It is unnecessary for this Court to consider whether Jefferson's conduct is an occurrence or excluded from the Policy as an intentional act because the underlying complaint unambiguously establishes that

the criminal acts exclusion applies.  Allstate therefore has no
duty to defend Jefferson.

**B.   The Negligence Claim Is Not Dispositive**

The Hawaii Supreme Court provides that "[t]he duty to
defend is limited to situations where the pleadings have alleged
claims for relief which fall within the terms for coverage of the
insurance contract."  Hawaiian Holiday Macadamia Nut Co. v.
Indus. Indem. Co., 872 P.2d 230, 233 (Haw. 1994).  The Hawaii
Supreme Court jurisprudence establishes that the mere fact
negligence is alleged in a complaint does not "raise[] the clear
possibility of a covered claim" as Defendants assert.

In Hawaiian Insurance & Guaranty Co. v. Blanco, 804
P.2d 876 (Haw. 1991), overruled on other grounds by Dairy Road
Partners v. Island Insurance Co., 992 P.2d 93 (Haw. 2000), the
Hawaii Supreme Court concluded that there was no "accident" and
thus no "occurrence" with respect to a wife's negligent
infliction of emotional distress claim against her husband's
shooter.  Id. at 881.  The Supreme Court reasoned that "a
reasonable man in [the insured's] position, firing a rifle
intentionally in the direction of a woman's husband, would
anticipate, and hence expect, that that woman might suffer
emotional injury and distress at witnessing the incident."  Id.
Similarly, in Hawaiian Insurance & Guaranty Co. v. Brooks, 686
P.2d 23, 27-28 (Haw. 1984), overruled on other grounds by Dairy
Road, 992 P.2d 93, the Hawaii Supreme Court held that the insurer
did not have a duty to defend the driver of an insured automobile

for a negligence claim despite the driver's assertion that he did not "intend" or "expect" the rape of a passenger by another passenger in his vehicle's back seat.[7/] Id. at 24, 27-28. The Hawaii Supreme Court explained that from the driver's standpoint, "it was not an accident that resulted in bodily injury neither expected nor intended," and thus "it was definitely unreasonable for [the driver] to think [the] automobile liability policy would protect him from liability in this instance." Id. at 28.

Noting these cases, the Hawaii Supreme Court cautioned the need to carefully review a complaint "to ensure that plaintiffs could not, through artful pleading, bootstrap the availability of insurance coverage under an insured defendant's policy by purporting to state a claim for negligence based on facts that, in reality, reflect[] manifestly intentional, rather than negligent, conduct." Dairy Road, 992 P.2d at 112; see Bayudan v. Tradewind Ins. Co., 957 P.2d 1061 (Haw. App. 1998) (concluding that despite the fact the underlying complaint alleged negligence, the insured's alleged conduct was not an occurrence because "the only facts alleged" in the insured's negligence claims related to the alleged kidnapping and assault claims, which were uncovered by the policy because they were intentional acts).

---

[7/]Although the Hawaii Supreme Court overruled Blanco and Brooks with respect to an insurer's use of extrinsic facts that may be subject to dispute in the underlying lawsuit as a basis for disclaiming a duty to defend, the Hawaii Supreme Court stated that these cases remained good authority in all other respects. See Dairy Road, 992 P.2d at 117 n.13.

Based on the foregoing Hawaii insurance cases, the Martins' negligence claim does not per se render Jefferson's conduct as covered acts under the Policy. Jefferson's reliance solely on the fact the underlying complaint raises a negligence claim is therefore misplaced.

### C. The Criminal Acts Exclusion

Based on the four corners of the underlying complaint, the Martins' allegations are based on Jefferson's criminal conduct. Jefferson has not argued that any other pleadings establish a basis for coverage. The pleadings therefore establish that Jefferson's actions fall within the criminal acts exclusion of the Policy. There is thus no possibility that coverage exists and Allstate has no duty to defend Jefferson.

The policy exclusion provides: "We do not cover any bodily injury . . . which may reasonably be expected to result from the . . . criminal acts or omissions of[] any insured person. . . . This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime." Pl.'s CSF ¶ 12, Ex. 1, Form AP-2, at 19. The underlying complaint states that Jefferson committed assault and battery by punching and kicking Leif. See Underlying Compl. ¶ 9. Assault is a crime under the Hawaii Penal Code.[8]

_____

[8]The least serious assault offense under the Hawaii Penal Code is assault in the third degree. A person commits assault in the third degree if the person:

> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

The underlying complaint also asserts a claim for negligent self-defense. See id. ¶ 21 ("At the time and place hereinbefore alleged, Defendants and each of them, negligently interpreted the conversations or actions of Plaintiffs as a threat to Defendants and to the Scott property, and thereafter, negligently used physical violence and a deadly weapon to deter such a perceived threat."). Accordingly, were it not for other allegations in the complaint, based on the complaint alone, there would remain a question of fact as to whether Jefferson's conduct was criminal. Specifically, because justification, which includes self-protection, is a defense to any prosecution, all of Jefferson's conduct as pled would not be undisputedly criminal. See H.R.S. §§ 703-301, 703-304; State v. Culkin, 215, 35 P.3d 233, 242 (Haw. 2001). In that situation, Allstate might not be able to rely solely on the fact of Jefferson's conviction to disclaim a duty to defend because the Hawaii Supreme Court has held that although the fact of a conviction may be admissible in a civil action as evidence of facts upon which it was necessarily based, it would not be conclusive evidence. See Asato v. Furtado, 474 P.2d 288, 290 (Haw. 1970) (holding that a conviction after a jury trial can be evidence, but not conclusive evidence, in a subsequent civil action); Blanco, 804 P.2d at 880 (concluding that the insured's no contest plea could not be used

---

          (b) Negligently causes bodily injury to
          another person with a dangerous instrument.

H.R.S. § 707-712(1).

against the insured and that because a conviction is "not conclusive evidence of [the insured's] commission of the crime in question," the insurer "could not rely solely on the conviction in refusing to defend"); see also Allstate Ins. Co. v. Takeda, 243 F. Supp. 2d 1100, 1108 (D. Haw. 2003) (concluding that insurer was not entitled to summary judgment on its claim that the criminal acts exclusion bars coverage, despite that the insured had pled no contest to assault, because the insured claims he acted in self-defense); but see Tradewind Ins. Co. v. Stout, 938 P.2d 1196, 1204-08 (Haw. App. 1997) (applying collateral estoppel to a jury verdict finding the insured guilty of attempted murder to prevent the relitigation of the insured's intent and thus concluding the insured's actions were within an intentional acts exclusion).

The underlying complaint in this case, however, asserts that Jefferson entered a plea of not guilty to a charge of assaulting Leif Martin and that a jury found him guilty of two counts of Assault in the Third Degree and one count of Terroristic Threatening in the Second Degree. Underlying Compl. ¶ 10. The underlying complaint further states that "[t]he criminal action arose from the same conduct of the Defendant that is the basis of Plaintiffs' complaint for damages in this action." Id. (emphasis added). Attached to the underlying complaint was the jury verdict against Jefferson. Id. at Ex. 2, at 8-12.

Thus, because the underlying complaint states that the basis of the Martins' complaint arose from the same conduct that Jefferson's criminal conviction was based on, the Martins' claims are unambiguously based on Jefferson's criminal acts. This situation is the type that the Hawaii Supreme Court warned about in Dairy Road, i.e., an attempt by plaintiff to create Allstate's duty to defend by artful pleading. See Dairy Road, 992 P.2d at 112. The Supreme Court explained that "when the facts alleged in the underlying complaint unambiguously exclude the possibility of coverage, conclusory assertions contained in the complaint regarding the legal significance of those facts . . . are insufficient to trigger the insurer's duty to defend." Id.

Here, the underlying facts supporting the Martins' negligence claim are Jefferson's criminal actions. Consequently, Jefferson's conduct, as alleged in the complaint, falls within the criminal acts exclusion and Allstate has no duty to defend.

## III. Defendants' Counterclaim

On February 17, 2011, Defendants filed a counterclaim against Allstate. Doc. No. 7. The Counterclaim seeks a declaration that Allstate has a duty to defend the Scotts in the underlying action. The granting of Allstate's Motion for Summary Judgment renders the issues raised by Defendants' Counterclaim moot. The Counterclaim is thus DISMISSED AS MOOT.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's Motion for Summary Judgment as against both Kevin and Jefferson

22

Scott, DENIES the Scotts' request for a stay, and DISMISSES the Scotts' Counterclaim as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 3, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Allstate Insurance Co. v. Jefferson J. Scott, et al., Civ. No. 11-00036 ACK-KSC: Order Granting Plaintiff's Motion for Summary Judgment, Denying Defendants' request for a stay, and Dismissing Defendants' Counterclaim as Moot.